On behalf of the Avalanche, this is Kristen Schwinn. On behalf of the Avalanche, D.J. Taggart. Thank you. Ms. Schwinn. You may proceed. And may it please the court, counsel, good morning. We're here today because the people argue that the trial court improperly granted the defendant's motion to dismiss on the basis that the speedy trial term had elapsed. Which one? The first one or the second? The second one. In this case, as you noted, your honor, that there were two dismissals. The first dismissal dismissed count one of the original indictment, which was the DUI charge for failure to state a valid offense. Pursuant to the trial court's ruling, the people reindicted under section 114-1E to state a valid offense on August 27, 2008. And defense counsel subsequently filed a second motion to dismiss, which the trial court granted based on the ruling that 160 days had elapsed from that speedy trial term. It is the people's argument that once there was a new reindictment, a new speedy trial term started, and the defendant had to make a new demand based on that new charge. Are you saying that every time there's a nolly or a dismissal, that all the state has to do is reindict and the clock gets reset? No, your honor. There's a difference between a nolly and a motion to dismiss. In a nolly, the state is taking an affirmative action to voluntarily dismiss the charge. In this case, the trial court ruled on the defendant's motion to dismiss. The state took no affirmative action or no action whatsoever in order to have the charge dismissed. Therefore, when the people reindicted, a new term began. So was this a new charge or was this a continuation of the old charge? It was a continuation of the old charge. It was a refiling of the original charge, except the class of the offense was lower. Originally, the DUI charge was a class 2 offense. In the reindictment charge, the DUI charge was a class 4 felony. The motion to dismiss alleged that it was a new charge, correct? That is correct. And that the state should have known about. Therefore, the term would continue to run regardless of any tolling that had taken place. That was the defense position, correct? At the trial of, yes. On the motion to dismiss? Correct. And you argued that it was not a new charge on the motion to dismiss? Correct. It was just a refiling of the original charge, yes. But your argument now is that when you refile the original charge after a nolly, that the clock starts over again from day one? Not after a nolly, but after a motion to dismiss. You mean a motion to dismiss that's been granted? That's been granted, correct. In the research in preparation for this appeal, the people have found a case that speaks about it. People v. Decatur. And they talk about the differences between when a court dismisses a charge versus when a state now processes a charge. And I can get you the citation for it. It's 191 Ill. Act. 3D. 1034. That's a first district case from 1989. That case says that if it's a nolly process, the time is just tolled. It picks up again after that. That's correct. And that's because in a nolly process, the state has taken action itself to end the speedy trial term. And in this case, it's quite different where the state is acting based on a trial court's ruling for a dismissal. The state has made no voluntary attempts to evade the speedy trial term or to manipulate the system. In this case, the people are just responding to the trial court's ruling that it did not state a valid offense. So pursuant to Section 114-1, the state properly re-indicted based on the court's ruling. All right. Practically speaking, that's what occurred. But is there any authority that you have found that says that when this occurs, when the motion to dismiss is granted, that the state starts over or any demand starts over? In the research and preparation for the oral argument, we would say to people, people need to cater. That explains the difference between a nolly process and a motion to dismiss. But it doesn't necessarily indicate what happens when the case then is confronted with another motion, does it? It does not. In that case, it does state that the trial, the speedy, the statutory term starts anew with the new filing of the re-indictment. And that when the state now processed the charge, the term is just merely told until the new indictment. Essentially, it seems to me that what you're saying is that, logically speaking, the state could file multiple indictments, and as long as they weren't nollied but were dismissed by the court, that the speedy trial would never be implicated. Regardless of whether the trial court was correct or incorrect in the granting of the various dismissals. The speedy trial term first has, the defendant has to make a demand. And the speedy trial still runs in conjunction with things of compulsory joinder and issues of efficiency of the court. And in this case, the people did not re-indict in order to prolong the prosecution or to prolong the court system or to burden the court. Instead, what happened was, based on the trial court's ruling that the indictment did not state a valid offense, the people re-indicted based on 114-1, and the statute does permit the court. Am I correct in believing that if the state had appealed that dismissal, that the speedy trial time would have been told until such time as the appeal had been resolved? Yes, that would be correct. So, what you're suggesting is, is that in that situation, there would have been a tolling, but by re-indicting, there is no tolling. That is correct. So, even though there's no prejudice to the state for purposes of the statute or the speedy trial term running, if there's an appeal, you're saying that if there's a re-indictment, there is no prejudice to the state either because it gets reset. Yes, that would be our argument, is that based on the fact that they are re-indicting, and they are re-indicting not a new and additional charge, but merely re-filing the original charge, albeit with a lower class felony. So, therefore, no compulsory joinder issues are present. So, there's no advantage to be gained by the defendant for filing a motion to dismiss because if he waits until the time of trial when jeopardy attaches, then the issue isn't whether or not it is informally or procedurally defective. It's whether or not it's substantially defective such that he is not capable of presenting a defense. So, if he's going to file the motion to dismiss before trial, he is being penalized by pointing out the formal, or I should say the informal, procedural defects which would require a re-filing or an appeal. What's the advantage here to a defendant to raise these arguments if, in fact, the clock gets reset every time the state decides to re-indict instead of appeal the issue? Well, the clock does not always get reset. In this particular set of facts, the clock gets reset because it is re-indicting of the original charge. So, therefore, there is no issues of compulsory joinder. And because the case law has stated that once you dismiss, because the people did not take any action, they are entitled to the new term to start anew. And the defendant has to re-file a demand. Did the trial court find that this was a new charge? Is that why the trial court dismissed? What was the trial court's holding? The trial court's holding was that 160 days had passed. Between the time of the demand and the filing of the new charge, and there was no tolling involved, meaning it was a new charge? It is the people's belief that that was the inclination of the trial court. The trial court did not specifically state his reasoning for finding that 160 days had elapsed. Based on the arguments that were below, I believe defense had argued that we can all agree that 160 days had elapsed from the initial filing of the demand on March 23, 2007. And I know the people had argued that the speedy trial term does not track all the way back. And in the court's ruling, the court determined that 160 days had elapsed and went no further into its finding on the 160 days. The people did not concede that a new speedy trial term had not begun. But if this court were to find that a new speedy trial term had not begun with the re-indictment, it is the people's argument still that based on the continuances, the by-agreement continuances and the motion defendants to delay the trial, even with the March 23 beginning of the speedy trial demand, 160 days had not elapsed between March 23, 2007 and August 27, 2008. Was that fully raised and fully argued in the trial court? I mean, the defense motion was this was a new offense. The state countered it was not a new offense. So my question to you is if we were to find that the term was only told and it didn't start anew, what do we do? Because, I mean, I don't know that that issue was probably before the court what you just argued now as to whether, you know, if it's an old, the old offense, then we look back to see what periods were told and whether 160 days had run. But it doesn't appear to me that there's enough in the record that the state supplied us on appeal to make that determination. Was it fully argued down below or is that an issue that would need to be addressed in the trial court later? I believe by finding we did argue in the motion and the response to the motion to dismiss that it was not a new and additional charge, but rather an original charge. And in presenting arguments to the trial court, it was believed that the people argued that this is not a new and additional charge because the defendant was aware of the DUI charge that was originally pending. The new re-indictment was merely filing the same exact charge, albeit with a lower class felony, even with the same statutory. I think it was, I believe it was A2 was the specific class for the DUI. So therefore, it was not a new and additional charge, but rather a re-filing of the old charge and advocated that as such, the speedy trial did not track all the way back to the beginning. It is the people's argument that when the court ruled that 160 days had elapsed, they ruled unfairly against the people by stating that the 160 days had elapsed from the originally from 2007. So people believe that it's all encompassing. The argument is all encompassing. But did the state and the trial court go into the different time periods along with that argument and say that the 160 days had not elapsed because it was told during this block of time, during this block of time, during this block of time? Did the state go into that much detail? No, the state did not because it, and as we raised at the appellate level, the state's contention that pursuant to case law, the speedy trial term began anew with the re-indictment charge on October 27, 2008. So that wasn't really an issue in the trial court? The issue was basically whether it was a new charge or whether it was an old charge. If it was a new charge, it's dismissed. If it's an old charge, it's not dismissed. That was kind of the... That, again, that seems to be the, what was below. Again, there's not, the trial court did not go into too much detail in its reasoning. I believe the two main arguments were whether or not this was a new and additional charge or a refiling of an original charge. And then whether or not, the people's argument was that the speedy trial term began, did not backtrack all the way. And that, and from the understanding, it would be that it started brand new with the re-indictment. You guys have returned the record now, or is it... Yes. I know you took it out for a while, right, when I was looking for it. Because another attorney wrote the brief. That is correct. We returned it about three weeks ago. Okay. If there are no other questions. People, especially... I have a question. Are you related to George Schwinn by any chance? I'm sorry, to George Schwinn? No, to Richard Schwinn. Okay. Is Rick Schwinn still in the AG's office? Yes. Okay. And what's the relation? Daughter. Okay. Tell Mr. Schwinn I said hi. I will. The people respectfully request that the appellate court reverse the trial court's ruling. Thank you. Thank you. Mr. Tegeler? Mr. Tegeler? I will have a small personal moment, Mr. Tegeler. You've gotten older, but I haven't. And I'm not related to H. Schwinn. Yes, I know. May I proceed? Yes. May it please the court, counsel. Good morning. Your Honor, I believe there's actually two issues before the court. One, which was not addressed by the state, and that's whether or not this court has jurisdiction to be even hearing this case. Below, counsel did raise in its motion to dismiss, the second motion to dismiss, the jurisdictional issue. And the argument at that point was once the first motion to dismiss was granted, it was the defense's position that the state had 30 days to file a motion to reconsider and or appeal that decision, because that was an absolute dismissal. They did not do that. In fact, they attempted to circumvent the jurisdictional issues of Supreme Court Rule 604 and wait 90 days and re-indict. Well, they were within the statute of limitations, though, correct? I believe they were. If I look at it, they were within the statute of limitations, but it was the position at that time that they should have either at least filed a complaint for preliminary hearing within the 30 days. Maybe my understanding is incorrect, but I thought that the defendant had filed a motion saying that this Class 2 felony shouldn't be a Class 2 felony as it was originally charged. It should be a Class 4 felony. That's exactly, yes. It was a motion to modify. In the state, or in the alternative dismiss, and the court dismissed that charge on that basis. The court dismissed the charge on the basis, and I know the opinions in the file, stating that there was irreconcilable differences between approximately five or six different versions of the DUI law, and therefore, it did not state a cause of action, basically, an appropriate one, and dismissed. They, for the most part, kind of bought that argument that it should have been a 2 and it should have been a 4, though, correct? Actually, my opinion, what the court bought the argument on was that it was, since there were so many irreconcilable differences between the statutes, that there was no valid charge, and therefore, the charge did not exist. Had the, I believe had the court gone on and actually looked at it, probably would have bought the argument under the rule of lenity that it should have been a Class 4 and not a Class 2. And I think the Prouty case has actually decided that issue after the trial court ruled this decision, the Prouty case came out. So that kind of did away with that argument. We know now it would be down to a Class 4. But when the state re-indicted, they re-indicted on the 4. They did re-indict on the 4, yes. Did the state argue revestment by any chance? No, they did not. Did the court rule on your client's claim of lack of jurisdiction?  One was jurisdiction and one was a speedy trial. And the court's ruling never touched the jurisdictional issue. It just ruled that 160 days had run between the filings and the court. To answer Justice Burke's question, it's my opinion that the court ruled that this was a new and additional charge, not a refiling of an old charge. And therefore, it ruled that under that, under the 160-day rule, they could not file a new charge. And that's why the court granted the motion to dismiss. Was that based upon the state's argument or claim that it was a new charge as opposed to the state claiming that it was an old charge? The state's claim was that it was an old charge, and the defense's claim was that it was a new charge, and the court agreed with the defense. But since that time, in your brief, you can see Ben Shoik has indicated it's an old charge. Unfortunately, standing here, I'm in the unique position of having argued before the trial court and actually winning on two occasions. And I have to concede that since the court ruled on both those occasions, the appellate courts and Supreme Court of Illinois have ruled against the trial court. And that's why my argument is that, in fact, the state should have filed a motion to reconsider and or appeal the case within 30 days. When they decided to sit there and do nothing at that point, jeopardy attached on that charge, and the court was without jurisdiction to entertain the indictment in its own. Well, you gave two bases in your motion that you wanted the case dismissed. Correct. And now the one you still hold to, which the court never ruled on, the trial court. Correct. And the other one we know now is the trial court ruled in error based on the case law. I have to concede that. I think, respectfully, the case law is wrong, but I have to concede that that is the case, yes. If we say we have jurisdiction, what do we do with this case? Quite frankly, if you say that you have jurisdiction in the case, I believe my original motion that I filed to modify the sentence down to a Class 4 is the appropriate remedy based upon what the courts have said in Illinois, is that the case should go forward on a Class 4 felony, not a Class 2 felony. Are you conceding that, if it's an old charge, that there was not 160 days that elapsed? I would concede under the current case law that it is an old charge and it's not a new charge. However, what I'm not conceding, based upon some of the language and I think it's Vanshock and the recent case that this court decided, Waddell, is that what the state did in this case was they purposely allowed 30 days to elapse without filing a motion to reconsider or a notice of appeal. There's no question, based upon the dismissal, that they could have appealed this issue. And when they allowed those 30 days to go, I believe that they caught themselves and realized, oh my goodness, we just let this go, how do we correct it? And I think that's where the state abuses their discretion, is they attempted to then bring the defendant back in by re-indicting. I was accused, I know, in the brief of playing games with the system, but I'm not the one who let the 30 days run. I'm not the one who decided to wait 90 days to indict thereafter. And I think some of the language there could be applicable in this case. Justice Michael Burke, because there are so many Burkes in the state of Illinois, was asking you questions about whether or not the state presented an argument or facts or evidence to establish whether or not the trial court's ruling is manifestly erroneous or against the manifest weight of the evidence regarding whether or not the 160 days ran. The question wasn't asked of you, it was asked of Ms. Schreck. And so if, are you conceding that the trial court didn't have to make any findings as to the claims that were raised by the state, that this was the same charge, and therefore it's the same charge? It's a given that the 160 days didn't run because you just said 30 days ran. Now, was this 30 days when added on to the other days, was that more than 160? No. And when you look at the speedy trial as far as going to trial, when the argument was raised below about the 160 days, that was, the 160-day argument was raised due to the new and additional charges coming in under mandatory joinder. In looking at the time frames, although it was not argued below, to be frank with you, and nobody sat down and went through which days were attributable to the state for trial purposes and which were attributable to the defense. A quick reading of it, and I'll be frank with you, I was a trial counsel, I can tell you 160 days did not run as far as trial goes. Where I was arguing the 30 days was from the date of the first dismissal. The state asked for a continuance thereafter and did nothing, and it's our position that they should have filed a motion to reconsider and or an appeal because there's no question that their case had been harmed by the ruling on the dismissal in that case. Are you saying that by the time your motion, second motion to dismiss was heard, that 160 days had run? That was never calculated, to be frank with you. I know the 90 days had, and if I went back, I can't tell you how many of those days had run as far as from the March 23rd, 2007 date up until the first dismissal. It was never asked to calculate that, and that issue was never raised below. My issue was that it was a new charge, and the court fought that argument. You know, a court's jurisdiction is a very technical thing, and your argument seems to be that the state, by abusing its discretion, has divested this court of jurisdiction. That seems to be your argument. Is that what you're saying, the state abused its discretion in re-indicting after 30 days, and that abuse of discretion has divested this court and the trial court of jurisdiction? Somewhat. I believe the court lost jurisdiction once it, well, it didn't lose it when it dismissed the case. The court dismissed the case, and on that charge, I believe the court lost jurisdiction when 30 days ran after the first dismissal, and the state never did anything. I mean, I know it's incumbent upon me as a defense counsel to file motions to reconsider and or notices of appeal, and if I don't in time, this court will send it back. Is what you're saying they should have done three things, one of three things? Correct. A motion to reconsider, attacking the judgment, a notice of appeal, or a re-indictment within 30 days? Or at least file a complaint, yes. Something that occurred while the trial court still had jurisdiction. Correct. Otherwise, revestment would have had to have taken place in order for us to have jurisdiction to review this judgment that was entered on the second motion to dismiss. That is my position, yes. Well, I mean, this was a dismissal, though. Jeopardy hadn't attached. I mean, we're talking about a dismissal and then a re-indictment within the statute of limitations. It seems to me that your method of attacking this might not necessarily be jurisdiction, but it might be a constitutional speedy trial issue. If the 160 days hadn't run and the state waited too long, that you may have a constitutional speedy trial argument. That may be, but it was my position that I took, is that although it was dismissal, jurisdiction was lost after 30 days of that dismissal. And therefore, the state — It's not a dismissal on the merits. I mean, it wasn't a dismissal on the merits of the case. It was a dismissal of the charge based on a technical defect in the charge. It wasn't a finding on the merits of the case. Actually, I believe the court found that there was no valid charge. I would somewhat disagree it was a technical defect, as I interpret technical defect. The court found that the state had not charged a valid charge, period. Is there such a thing as a dismissal with prejudice in a criminal indictment? I wish there were, but not that I've ever seen. Not that I've seen. It seems to be one of the differences that we argue between the civil section and the criminal section on a routine basis. Well, in answer to this hypothetical, it depends, like most things, on whether or not it was an original same claim or a new claim. If it's a new claim, then it would seem that res judicata would not apply. If it is the same charge, one could say that if there was a final order, and 30 days ran, any order, whether it was dismissal with or without prejudice, became final and res judicata as to all matters related thereafter to the same charge. That's my position, yes. And just so I'm clear, because I think both in the briefs and even in today's oral argument, there have been some shifting of position. At the trial court, you argued two things, the lack of jurisdiction, so to speak, and new versus old charge, correct? That is my argument. And that hasn't changed today. I mean, there have been some modifications based upon questions. That's correct. Okay. That's correct. Those were the two arguments that were raised below. And the only argument that was ruled on was that it was a new charge. There was no, the court did not rule on whether or not it had jurisdiction. Do you perceive in any way that the states changed their position from trial court to here, in their argument to the trial court to here? When I argued the second motion to dismiss, it was a very short argument. And I believe the record, I haven't looked at the record recently, but I believe the record would reflect that the state just basically said, we're allowed to do this, that 160 days is not running. The court said, no, it has, and this is a new charge, is what the court basically stated. But nobody ever counted. You told us today you know something, but beyond that. Correct. I was never asked to count, and I did not raise the issue that they did not bring my client within trial within 160. I was raising the new charge, mandatory joinder issue of the 160 days. Yeah. Do you know where the Gordian knot was located? I must admit, I don't, and I did not prepare for that question. I think it was located on the tongue of the chariot. Any other questions? Thank you. Thank you. You may sit down. Thank you. Unless you want to argue some more. No, I would just ask that the appellate court affirm the trial court's dismissal. Thank you. Thank you. Ms. Schwinn. Yeah, I'd just like to briefly address, Justice Clarence, your point that the people should have done one of three things. File a motion to, after the dismissal of the first indictment, file a motion to reconsider, file a notice of appeal, or file a re-indictment within 30 days. In addressing the, taking them just one by one, a motion to reconsider, the people did not challenge the trial court's ruling that they improperly charged, or that the indictment improperly stated that it was a class 2 felony versus a class 4 felony. Therefore, the trial, in order to maintain jurisdiction, the people did not have to challenge the trial court's ruling, because essentially, by re-indicting them with a lower class felony, they agreed with the trial court. There's no, there is nothing within the statutory guidelines that state that in order to re-indict, they must first challenge a ruling that they're essentially going to be agreeing with by re-indicting in a lower class felony. So in that instance, in terms of filing a notice of appeal or a motion to reconsider, the people argue that the defendant is misconstruing the purpose of a motion to reconsider and a notice of appeal. Did the trial court, when it rendered its motion for its judgment of dismissal, grant Lee to re-plead within 30 days? It did not specifically say in his written order. However, pursuant to section 114-1, which governs the motion to defendants, excuse me, motions to dismiss in the criminal procedure, it specifically states in section E that the people are able to re-indict based on a motion to dismiss. Going to the third option that you said in terms of the options that the people had following the motion to dismiss, whether or not the re-indictment, they must re-indict within 30 days, there is no time constraints specifically within a motion to dismiss and the re-indictment under section 114-1 subsection E. If the legislator had intended that there is a specific time constraint that the people must file a re-indictment, it would have stated so in the statute. And in this instance, it's silent. So the people argue that by not requiring a 30-day statutory limitation to re-file a re-indictment, the people were probably within their power to re-indict some 90 days after the original dismissal. 120. How about five years? There are some limitations in terms of how long the people have to bring charges. So you're suggesting the logic of your argument is that when the statute of limitations runs, it's the last day upon which you could file a re-indictment? At this time, I'm not sure specifically of the case law, but there's nothing within the motion to dismiss that governs section 114-1 specifically governs motions to dismiss in criminal procedures. In that section, it sets forth how a court may dismiss a charge. It also sets forth when the people can recharge. And when the people are recharging based on a motion to dismiss, there is nothing within the statute that says we must re-indict within a certain amount of time. And so, therefore, that option is not the people can validly re-indict based within the 90 days. And, again, we're talking 90 days. We're not talking a three-year span, a two-year span. We're talking within a very short amount of time. So, therefore, respectfully, the people argue that they properly re-indicted within the 90 days and the new speedy trial term began once they re-indicted. And people respectfully request that this court reverse the trial court's ruling. Before you sit down, are there any other questions? No, thank you. Okay, we'll take the case under advisement and render a decision as quickly as we can.